UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA PINEDA,

    Plaintiff,

v.

AMITA HEALTH,

    Defendant.

Case No. 1:22-cv-00517

## COMPLAINT

**NOW COMES** LISA PINEDA, through her undersigned counsel, complaining of Defendant, AMITA HEALTH, as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. LISA PINEDA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Illinois.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. AMITA HEALTH ("Defendant") is a corporation organized and existing under the laws of Illinois.

9. Defendant maintains its headquarters and principal place of business in Lisle, Illinois.

10. Defendant is a prominent provider of health insurance to consumers in Illinois.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6379.

21. At all times relevant, Plaintiff's number ending in 6379 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

23. At no point in time did Plaintiff have an account or any other form of business relationship with Defendant.

24. On January 20, 2022, Plaintiff received a text message from Defendant. The text message depicted as follows:

> Thursday, January 20, 2022
>
> AMITA: Welcome to Presence Health Txt Appt Reminders. Reply HELP for help/txt.tvox.com. Reply STOP to cancel. Msg&Data rates may apply. MsgFreqPerAcctSetup.
>
> 3:48 PM

25. Plaintiff was perplexed by the text message as Defendant was not Plaintiff's health insurance provider.

26. Immediately, Plaintiff responded "Stop" to Defendant's text message.

27. Defendant replied with the following text message: "Thank You. You will no longer receive alerts for AMITA. . ."

28. Despite Plaintiff's unambiguous request that Defendant cease contact with her, Defendant still placed three phone calls to Plaintiff which both included a pre-recorded voice.

29. These pre-recorded voice messages were seeking to confirm an appointment by a person named "Ryan."

30. Specifically, Plaintiff received these calls from Defendant on January 24, 2022, at 7:14 p.m., January 25, 2022, at 10:05 a.m., and January 25, 2022, at 6:41 p.m.

23. Plaintiff has never provided her phone number to Defendant or otherwise consented to receiving text messages or phone calls from Defendant.

**DAMAGES**

24. Plaintiff significantly values her privacy and solitude.

25. In light of the fact that Plaintiff has no business relationship with Defendant, Defendant's text messages and phone calls were highly intrusive and were a nuisance.

26. Moreover, Defendant's text messages and phone calls were especially troubling considering they continued after Plaintiff requested that Defendant cease contact with her.

27. Defendant's text messages and phone calls invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited phone calls/text messages, increased risk of personal injury resulting from the distraction caused by the text messages and phone calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28. Concerned with Defendant's invasive practices, Plaintiff retained counsel to compel Defendant to cease its unlawful conduct.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. The TCPA prohibits text messages to a cellular phone using an automatic telephone system ("ATDS") without the consent of the recipient. 47 U.S.C. §227(b)(1)(A).

31. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

4

32. Upon information and belief, based on the generic non-personal nature of Defendant's text messages, Defendant used an ATDS to place text messages to Plaintiff's cellular phone number.

33. Upon information and belief, based on the fact that Plaintiff has no existing business relationship with Defendant, Defendant used a random or sequential number generator to generate Plaintiff's number and send the promotional text messages referenced above.

34. In the alternative, the system used by Defendant to send the text messages has the *capacity* to randomly or sequentially generate numbers and dial those numbers.

35. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of participants in its health plan.

36. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

37. Defendant violated the TCPA by placing multiple text messages and recorded voice calls to Plaintiff's cellular telephone, utilizing an ATDS, without Plaintiff's consent. *See* 47 U.S.C. § 227 (b)(1)(A)(iii).

38. As pled above, Plaintiff does not have an existing business relationship with Defendant, and thus never consented to receive any text messages or phone calls from Defendant.

39. Moreover, Plaintiff requested that Defendant cease contact with her, therefore revoking any prior consent that Defendant may have believed it had.

40. As pled above, Plaintiff was harmed by Defendant's text messages and phone calls to her cellular phone.

5

41. Upon information and belief, Defendant does not have policies and procedures to ensure compliance with the TCPA.

42. Upon information and belief, Defendant knew its text messages and phone calls to Plaintiff were in violation of the TCPA, yet continued to employ them to promote its services, at the expense of Plaintiff.

**WHEREFORE**, Plaintiff, LISA PINEDA, requests the following relief:

A. a judgment finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from further contacting Plaintiff;

C. an award of $500.00 in damages to Plaintiff for each such violation;

D. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 28, 2022                                  Respectfully submitted,

**LISA PINEDA**

/s/ Jennifer Ann McLaughlin
Jennifer Ann McLaughlin, Esq.
(IL-6315340)
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Jmclaughlin@sulaimanlaw.com
Attorney for Plaintiff